UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    TLC HEALTH NETWORK,

              Debtor.

Chapter 11

Case No. 13-13294-CLB

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE
TO DEBTORS MOTION FOR INTERIM AND FINAL ORDERS
AUTHORIZING DEBTOR TO INCUR POST-PETITION
SECURED DEBT AND TO USE CASH COLLATERAL**

    William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), for his limited objection to the Debtor's Motion for Interim and Final Orders Authorizing Debtor to Incur Post-Petition Secured Debt and To Use Cash Collateral (the "Motion", Docket No. 14) respectfully states as follows:

    1.    The Debtor filed for relief under chapter 11 on December 16, 2013. The Debtor continues to operate its business and manage its assets as a debtor-in-possession.

    2.    The United States Trustee has not yet appointed a committee of unsecured creditors in this case.

    3.    An interim hearing on the Motion is scheduled for December 23, 2013. A final hearing has not yet been scheduled.

    4.    Pursuant to Federal Rule of Bankruptcy Procedure 4001(c)(2), prior to a final hearing the Debtor may be authorized to obtain credit under 11 U.S.C. §364 only "to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Thus, at the interim hearing the only post-petition credit to the Debtor that the Court may authorize is that amount, if any, the Debtor demonstrates it needs pending final hearing to avoid such

immediate and irreparable harm to the estate. The Motion does not specifically quantify what, if any, amount, the Debtor so requires prior to a final hearing.

5. The proposed Interim Order (Docket No. 14-1) provides for certain liens to be provided to existing creditor and proposed post-petition lender Brooks Memorial Hospital ("Brooks") and at paragraph 13 provides that the liens shall not be subject to challenge by any subsequent trustee and further provides that the liens "shall not be subject to Sections … 550, or 551 of the Bankruptcy Code…." The liens, though, appear to possibly include not only the liens given to Brooks for post-petition lending but also for cash collateral use. Indeed, at paragraph A (page 5) of the proposed Interim Order the "Facility" is described to include the use of cash collateral and at paragraph A(c) the "Indebtedness" is defined to include all amounts loaned under the Facility. Paragraph 13 of the Order should be clarified to make clear that, while approved post-petition lending may not be so challenged, pre-petition indebtedness (including debt incurred through post-petition cash collateral usage) is not protected from challenge.

6. Paragraphs 12 and 18 should provide that Brooks' and the Secured Creditors' rights to the protection of 11 U.S.C. §507(b) will be subject to notice and a hearing.

7. Paragraph 16 should expressly provide that the payment of quarterly fees to the Office of the United States Trustee (which do not appear in the budget) and any fees that may be owing to the Clerk of the Bankruptcy Court may be paid in the ordinary course of the Debtor's business.

8. Paragraphs 15 and 17 should add reference to claims asserted under 11 U.S.C. §544 as property in which the Secured Creditors (including Brooks) will not have liens in.

9. Where paragraph 17 states that "[t]he security interests and liens granted pursuant to this Order shall be binding upon the Debtor,…, or any Chapter 11 trustee or Chapter 7

trustee…", language should be added making clear that with respect to the Secured Creditors other than Brooks and with respect to Brooks as to its pre-petition claim and claim arising from cash collateral use, such liens are binding only to the same extent, validity and priority as existed as of the petition date.

    WHEREFORE, the United States Trustee requests that any relief granted be limited as requested herein and that the Court grant such other and further relief as is proper.

Dated: December 20, 2013
       Buffalo, New York

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:   /s/ Joseph W. Allen
      Joseph W. Allen, Esq.
      Assistant United States Trustee
      Office of the United States Trustee
      Olympic Towers
      300 Pearl Street, Suite 401
      Buffalo, New York 14202
      Telephone: (716) 551-5541